UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JASPER CONTRACTORS, INC., A/A/O
PAMELA STEIB,**

    **Plaintiff,**

vs.

State Case No.: 2019-CA-008197-O
Federal Case No.: _____

**LIBERTY MUTUAL INSURANCE
COMPANY,**

    **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

The Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), improperly named in Plaintiff's Complaint as LIBERTY MUTUAL INSURANCE COMPANY, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal (the "Notice") of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, and in support of removal states:

### INTRODUCTION

1.    The Plaintiff, Jasper Contractors filed this breach of contract action against Liberty Mutual on an assignment of benefits from Liberty Mutual's Named Insured, Pamela Steib, in the Circuit Court for Orange County, Florida. Plaintiff alleges that Liberty Mutual has breached its contract of insurance by failing to perform under the policy, fully value Insured's losses, and failing to fully pay for all of Insured's losses of insurance. *See* Plaintiffs' Complaint, ¶ 9, a copy of which is contained within the State Court file attached as Exhibit 1.

2.    This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §

1441. The breach of contract action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28. U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, copies of all process, pleadings, orders and other papers or exhibits filed in the state court are attached as Exhibit 1.

## DIVERSITY OF CITIZENSHIP EXISTS

4. The Plaintiff, Jasper Contractors, is now and was at the time of the filing of the Complaint, an Indiana Corporation with its principal place of business in Kennesaw, Georgia. Thus, Jasper Contractors is a citizen of Indiana and Georgia. *See* 28 U.S.C. § 1332(c)(1). *See also* Division of Corporations records and documentation provided by Jasper Contractors to Liberty Mutual, attached as Exhibit 2.

5. Liberty Mutual is now and was at the time of the filing of the Complaint a Wisconsin corporation, with its principal place of business in Boston, Massachusetts. Thus, Liberty Mutual is a citizen of Wisconsin and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

6. Plaintiff's Complaint seeks damages "which exceed Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of attorney's fees, costs and interest." *See* Plaintiff's Complaint, ¶ 1.

7. However, if the amount stated in the initial pleading is not sufficient to remove the case, a notice of removal may be filed upon receipt of "an amended pleading, motion, order, or other paper" from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. §1446(b)(3).

8.      On March 1, 2019, Jasper Contractors sent Liberty Mutual an email with documentation pertaining to this claim.  One of the documents is an Estimate Report upon which Plaintiff will rely in this case.  The estimate was prepared by Jasper Contractors, and totals $87,037.57.  A copy of Jasper Contractor's estimate is attached as Exhibit 3.

9.      Prior to suit being filed, Liberty Mutual made a coverage determination, prepared an estimate to repair or replace the covered damages at the property in the amount of $1,800.54, and issued payment in the amount of $800.54 after subtracting the deductible.  *See* Liberty Mutual's letter dated July 16, 2018 attached as Exhibit 4.

10.     Numerous courts in this District have recognized that estimates provided in connection with insurance claims are sufficient to establish the amount in controversy.  See, e.g., *Gomez v. American Security Ins. Co.*, 2014 U.S. Dist. Lexis 25976, *9 (M.D. Fla. Feb. 28, 2014) ("Defendant's removal based on the JFK Report was appropriate and timely"); *Baltazar v. Balboa Ins. Co.*, 2011 U.S. Dist Lexis 55087, *6 (M.D. Fla. May 24, 2011) (when "Balboa filed a signed copy of Baltazar's retained expert's report" it "satisfied [the] Court that the requirements for diversity of citizenship jurisdiction and for removal have been met"); *Zabala v. Geovera Specialty Ins. Co.*, 2010 U.S. Dist. Lexis 123594, *5 (M.D. Fla. Nov. 10, 2010) ("the repair estimates referenced in the pre-suit demand demonstrate costs for structural damages and cosmetic damages that substantially exceed $75,000"); *Del Rio v. Scottsdale Ins. Co.*, 2005 U.S. Dist. Lexis 29992, **7-8 (M.D. Fla. Nov. 18, 2005) ("the Court finds that the Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000" relying on estimate of "repair costs to dwelling at issue").

11.     Therefore, the amount in controversy in this matter exceeds this Court's jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a).

## **REMOVAL IS OTHERWISE PROPER**

12. Liberty Mutual was served with Plaintiff's Complaint on July 16, 2019.

13. 28 U.S.C. § 1446(b)(1) states "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

14. This Notice has been filed within 30 days of service and therefore is timely pursuant to 28 U.S.C. § 1446(b)(1), 28 U.S.C. § 1446(b)(3), and 28 U.S.C. § 1446(c)(1).

15. Venue exists in the Middle District of Florida, Orlando Division, because the Circuit Court of Orange County is located within this District and Division.

16. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's Counsel, and a copy will be promptly filed with the Clerk of the Circuit Court for Orange County, Florida, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit 5.

WHEREFORE, Liberty Mutual, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of Orange County, Florida to this Court.

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a copy of the foregoing has been furnished to Roger A. Hatfield, Esquire, Morgan & Morgan, P.A., 20 N. Orange Avenue, 4th Floor, Orlando, FL 32801 at rhatfield@forthepeople.com; PValdez@ForThePeople.com; dalston@forthepeople.com; *this 15th day of August, 2019.*

        */s/ Burks A. Smith, III, Esquire*
        BURKS A. SMITH, III, ESQUIRE
        Fla. Bar No. 13977
        KATHRYN A. KELLER, ESQUIRE
        Fla. Bar No. 0123857
        **Traub Lieberman Straus & Shrewsberry LLP**
        Post Office Box 3942
        St. Petersburg, Florida 33731
        (727) 898-8100
        (727) 895-4838 - fax
        *Primary email:* jkinchen@tlsslaw.com
        Attorneys for Defendant