| | |
|---|---|
| 9273315 | IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA |
| JASPER CONTRACTORS, INC., A/A/O PAMELA STEIB, | CASE NO.: DIV. NO.: |
| Plaintiff, | |
| vs. | |
| LIBERTY MUTUAL INSURANCE COMPANY, | |
| Defendant._____/ | |

# COMPLAINT

COMES NOW Plaintiff, Jasper Contractors, Inc., (hereinafter "Plaintiff") as assignee of Pamela Steib (hereinafter "Insured"), and hereby sues Defendant, Liberty Mutual Insurance Company (hereinafter "Defendant"), and states as follows:

1. This is an action for damages which exceed Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of attorney's fees, costs and interest.

2. At all times material hereto, Defendant was a corporation duly licensed to transact the business of property insurance in the State of Florida and maintained agents for transaction of its customary business in Orange County, Florida.

3. On or about March 17, 2018, Insured's property was damaged as a result of hail and windstorm. As a direct and proximate result of the damage to the property the Insured sustained a loss.

4. A policy of homeowners insurance, bearing upon information and belief, policy number H3225134180570, including the coverages to protect Insured against the above losses, was issued by Defendant and was in full force and effect as to Insured when Insured's dwelling was damaged. A certified copy of the policy is in the exclusive control of Defendant, and will be produced during discovery.

4. Insured notified Defendant of the damages, and Defendant assigned a claim with a date of loss of March 17, 2018.

5. The above described policy was in full force and in effect on the date when the property damage occurred and provided coverage for the Insured for damages sustained in the date of loss, under claim number 037708232-01.

6. The Insured executed a post loss Assignment of Rights & Benefits to the Plaintiff, thereby assigning all rights, title, interest and benefits under said policy of insurance to the Plaintiff for services rendered and to be rendered to repair the damages to the property. (A copy of the Assignment of Rights & Benefits is attached hereto as Exhibit "A").

7. Plaintiff has complied with all conditions precedent to entitle Plaintiff to recover under the policy.

8. Defendant has failed or refused to fully perform under the policy, fully value Insured's losses and failed to fully pay for all of Insured's losses as required by the insurance policy.

9. Defendant's failure to perform under the policy, fully value Insured's losses and failure to fully pay for all of Insured's losses of insurance is a breach of contract.

10. Because of Defendant's breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

**WHEREFORE**, Plaintiff, Jasper Contractors, Inc. as assignee of Pamela Steib demands judgment against Defendant, Liberty Mutual Insurance Company for damages that exceeds the sum of Fifteen Thousand and 00/100 ($15,000.00) Dollars exclusive of interest on any overdue payments, attorney's fees and costs pursuant to Florida Statutes §§ 627.428, 57.041, and 92.231, and demands a trial by jury.

Dated: July 2, 2019

/s/ ROGER A. HATFIELD
ROGER A. HATFIELD, ESQUIRE
Florida Bar No. 0058979
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Orlando, FL 32801
(407) 839-4409 – Phone
(407) 204-2109 – Fax
Primary Email: rhatfield@forthepeople.com
Secondary Email: PValdez@ForThePeople.com
dalston@forthepeople.com
Attorneys for Plaintiff

# Exhibit 1



**EXHIBIT A**

CORPORATE HEADQUARTERS
1690 Roberts Blvd., Suite 112, Kennesaw, GA 30144
P: 770-701-2731 F: 678-217-8410
Florida License Numbers: CCC1329651 & CCC1331153

02-22-2019

      Re: NOTICE OF ASSIGNMENT OF BENEFITS
           Pamela Sue Steib
           10646 Windsor Court
           Orlando , FL
           32821
           H32251341805798
           037708232-0001

To Whom It May Concern:

Please allow this letter to serve as notice that Pamela Sue Steib, your insured(s), at 10646 Windsor Court has signed a Roof Replacement Contract ("Contract") with Jasper Contractors, Inc. ("Jasper"). This Contract contains a valid and binding Assignment of Benefits which is limited in scope to the work which Jasper intends to perform, i.e. a full roof replacement. For your convenience, we have attached a copy of the contract.

Upon request, Jasper will prepare and forward the following:
      Xactimate Estimate for Full Roof Replacement
      Picture Package of Relevant Damage
      EagleView
      Any other supplemental materials

Should an adjuster meeting be necessary, we ask that you call us at 770-701-2731 and speak with a member of our Inspection Team for scheduling.

Should you choose to forgo an adjuster meeting but need to discuss any details, please contact Daniel Plumlee at 770-701-2731 ext. 1007.

Payment Instructions:
Please make all checks payable to:

      Jasper Contractors, Inc.
      1690 Roberts Blvd, Ste. 112
      Kennesaw, GA 30144

Thank you in advance for your attention to this matter.

Sincerely,

Jasper Contractors, Inc.
Customer Satisfaction Team

# JASPER
JasperRoof.com

300 Colonial Center Parkway STE 130
Lake Mary, FL 32746
(407) 278-7788
(321) 348-9154
(813) 867-7898
(863) 808-4434
info@jasperinc.com

FL Contractor's License:
CCC1329651 & CCC1331153

Account Manager: Rafael Fernandez
Contact: (407) 907-0911
Insurance Company Information
Company: Liberty Mutual
Policy#: H32251341805798
Claim#: 037708232-0001
Mortgage Company Information
Company: Mr Cooper Mortgage
Loan Number: 0410795710

## ROOF REPLACEMENT CONTRACT

| Owner(s): Pamela Sue Steib | | | Phone: 4073700337 |
|---|---|---|---|
| Address: 10646 Windsor Court | | | Alt Phone: 4077970572 |
| City: Orlando | State: FL | Zip Code: 32821 | Shingle Color: *BORAL TILE: Estate: |
| Email: pamsteib@gmail.com | | Roof RCV Amount/ Contract Price: | Drip Edge Color: *Drip Edge - White 6" |

**If Owner's Insurance Company does not agree to pay for a full roof replacement, this contract shall be voidable.**

**Assignment of Insurance Benefits for the Full Roof Replacement Only:** I hereby assign any and all insurance rights, benefits and proceeds under any applicable insurance policies to Jasper Contractors, Inc. ("Jasper"), the scope of which shall be limited to a Full Roof Replacement. I make this assignment and authorization in consideration of Jasper's agreement to perform services, supply materials and otherwise perform its obligations under this Contract, including not requiring full payment at the time of service. I also hereby direct my insurer(s) to release any and all information requested by Jasper, or its representative(s), for the direct purpose of obtaining actual benefits to be paid by my insurer(s) for services rendered. In this regard, I waive my privacy rights. If payment is made directly to the Owner/Agent/Insured(s), it shall be endorsed over to Jasper immediately upon receipt. I agree that any portion of work, deductibles, betterment or additional work requested by the undersigned, not covered by insurance, must be paid by the undersigned on the day of installation. **Deductible**: It is the Owner's responsibility to pay all insurance deductibles. Owner's out-of-pocket expense will not exceed the deductible amount, as stated on insurer's loss sheet ("Loss Sheet"), which is hereby incorporated by reference as the Scope of Work ("SOW"), UNLESS replacement/repair of deteriorated decking is required by code and/or Owner requests optional upgrades. **Jasper CANNOT pay, waive, rebate, or promise to pay, waive or rebate any or all of the insurance deductible** applicable to the insurance claim for payment of work. In the event of a discrepancy, the deductible amount stated on the insurer's Loss Sheet shall overrule deductible amount disclosed. **Deductible: $**1000.00 **MUST BE PAID IN FULL** _____(initial).

**PAYMENT SCHEDULE**: Owner agrees to pay Jasper based on the following schedule: (i) Deposit in the amount of $ .00 due upon signing this contract; (ii) the Contract Price, less the Deposit and any applicable depreciation retained by Owner's insurer(s), plus upgrade costs, due and payable to Jasper upon completion of work being performed; and, (iii) the remaining Contract Price (equal to any applicable depreciation and/or change orders) due and payable to Jasper upon completion of work performed. In the event of a pending inspection, no more than 2% of Contract Price may be withheld until inspection has passed.

**Optional:** UPGRADE ITEM: _____ RATE: _____ UPGRADE ITEM: _____ RATE: _____

**Replacement Work and Price**: Upon insurer's approval and subject to the Terms and Conditions stated herein, Jasper agrees to furnish all materials and provide the labor necessary to perform the full roof replacement which shall take place following Owner's insurance company's approval, approximately within thirty (30) days, conditions permitting. **Owner's Declaration of Intent**: Owner acknowledges and agrees that, upon approval by insurance company for a full roof replacement, Jasper shall perform the roof replacement upon receipt of Loss Sheet from Owner's insurance company.

### FLORIDA HOMEOWNERS' CONSTRUCTION RECOVERY FUND
PAYMENT, UP TO A LIMITED AMOUNT, MAY BE AVAILABLE FROM THE FLORIDA HOMEOWNERS' CONSTRUCTION RECOVERY FUND IF YOU LOSE MONEY ON A PROJECT PERFORMED UNDER CONTRACT, WHERE THE LOSS RESULTS FROM SPECIFIED VIOLATIONS OF FLORIDA LAW BY A LICENSED CONTRACTOR. FOR INFORMATION ABOUT THE RECOVERY FUND AND FILING A CLAIM, CONTACT THE FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD AT THE FOLLOWING TELEPHONE NUMBER AND ADDRESS:
Construction Industry Licensing Board: 2601 Blairstone Road, Tallahassee, FL 32399-1039, (850) 487-1395

**CANCELLATION**: If Owner elects to terminate the services of Jasper, Owner may do so before midnight on the third business day after Contract is executed. Owner shall receive a full refund of all deposits. Owner may also rescind Contract before midnight on the third business day after the contract is executed after notification from insurer(s) that the claim for payment on roof contract has been denied, in whole or in part. All written notices of cancellation, regardless of reason, shall be postmarked or delivered to Jasper's corporate office: 1690 Roberts Boulevard, Suite 112, Kennesaw, GA 30144. **CANCELLATION EXCEPTIONS**: The three (3) day right of cancellation DOES NOT APPLY to contracts for emergency home repairs as time is of the essence.

I, Owner, have read and understand all statements, Terms and Conditions of the "Roof Replacement Contract" and agree that all details are acceptable and satisfactory. I further understand that this Contract constitutes the entire agreement between the parties and that any further changes or alterations to this Contract must be made in writing and agreed upon by both parties. Each party represents and warrants to the other that it has the full power and authority to enter into the contract and that it is binding and enforceable in accordance with its terms.

| DocuSigned by: [signature] | 2/22/2019 \| 10:07 AM EST | DocuSigned by: Pamela Steib | 2/22/2019 \| 10:06 AM E |
|---|---|---|---|
| DE62C7E416E34C1 | | 5E85DB8678CD400... | |
| Authorized Jasper Representative | Date | Owner | Date |

**TERMS AND CONDITIONS: Acceptance of Terms:** I, Owner, hereby agree to retain Jasper for a full roof replacement on the Terms and Conditions stated herein. I further agree to provide Jasper with the Scope of Loss/ Loss Sheet generated by my insurer and authorize and grant full access to the property for the purpose of staging and completing all agreed upon work. **Supplemental Claims**: Jasper reserves the right to file a supplemental claim with Owner's insurance in the event that the estimate is incorrect and/or additional damage is discovered after commencement. The supplemental claim amount(s), in addition to any depreciated amounts held back by the insurer, are immediately due to Jasper upon receipt. **Commencement of Work**: Work shall commence at Jasper's discretion. Jasper shall not be liable for delay in, or failure to perform due to: labor controversies, strikes, fire, weather, Acts of God, war, governmental actions, inability to obtain materials from usual sources, delays caused by and/or as a direct result of Owner's insurer or other circumstances not listed which are beyond the control of Jasper. **Noise Pollution and Vibrations**: Prior to installation, it is the sole responsibility of Owner to remove any and all items which are not secured to walls including, but not limited to items on mantles, shelves or other areas susceptible to vibrations, as these may fall. Jasper shall not be liable for noise pollution and/or vibrations due to the performance of work contracted herein, or damages resulting to person(s) or property as a result of performance of work. **Homeowners Association**: It is the sole duty of the Owner to secure approval from the Homeowners Association for any and all items necessary for Jasper to complete the work listed herein, including but not limited to shingle color, type, brand, etc. **Construction Debris**: Upon completion of work, Jasper will make reasonable efforts to remove debris from the property, including but not limited to, a general clean-up of construction-related debris and a magnetic sweep of the eve line and walkways surrounding the project area. As Jasper cannot guarantee the removal of all nails and/or debris, it shall not be liable for resulting damages. **Landscaping**: While Jasper will make reasonable efforts to cover the lawn and/or shrubbery, it is the sole responsibility of Owner to remove and/or safeguard any and all plants, shrubbery, lawn ornaments, furniture and/or valuables. Jasper cannot guarantee the safekeeping of these items nor shall it assume liability for damages. **Timely Payment**: It is Owner's responsibility to ensure prompt payment from mortgagee and/or insurer. Jasper must be paid immediately upon receipt of funds or, if funds have not been received from the Insurance and/or Mortgage Company, not to exceed thirty (30) days from date of install. If Jasper is not paid within the requisite time period, all promotions, advertising specials, and/or discounts shall be voided. Owner shall also be responsible for any collection fee(s) incurred. **Force Majeure**: Jasper shall not be liable for any natural and/or unavoidable catastrophes that interrupt the expected course of events and restricts Jasper from fulfilling its obligations herein, such as, but not limited to: excessive wind, hail, ice, rain, extreme weather conditions, fire, war, governmental actions or other Acts of God. **Labor Warranty**: Jasper shall provide to Owner a two (2) year, non-transferrable warranty on labor as long as the Contract Amount is paid in full to Jasper within ninety (90) days. Please see "Two Year Labor Warranty" for additional details and exclusions; Warranty is hereby incorporated by reference. Jasper is not responsible for any damage to the roof or premises due to, but not limited to: leaks, cracks, fissures, etc. caused by excessive wind, ice, hail, snow or any other Act of God during the warranty period. In the event of an extreme weather condition or Act of God which warrants an insurance claim, Labor Warranty shall be voided. **Ongoing Work:** Jasper shall not be liable for damages from fires, windstorms, rain or other hazards as is normally covered by Homeowner's Insurance or Builder's Risk Insurance. Jasper shall not be liable for any and all water intrusion or damage to property, premises or its contents which may occur during installation, including but not limited to: water intrusion due to rising waters or wind driven rain, as well as water intrusion caused by pipes which are not to current code, regardless of "grandfathered" code status. This contract and the Warranty provided herein, shall not be assigned or transferred by either party, except by written instrument signed by both parties. **Manufacturer's Warranty**: All materials used are subject to Manufacturer's Limited Shingle Warranty. Any defect of materials is covered, and subject to, the manufacturer's warranty specifications; this shall void Jasper's Warranty. **Pre-Existing Materials**: Repair of deteriorated decking, "waves" in decking, fascia boards, roof jacks, ventilators, flashing, chimneys, gutters or other such materials (unless otherwise expressly stated in the Loss Notice or Contract) are not included. Decking or planks shall be replaced as required by code and Owner authorizes an additional charge of $75.00 per sheet of decking or $25.00 per plank. Should Owner elect to replace any and/or all of these pre-existing materials, Owner shall be charged for both material(s) and labor. Jasper shall be liable neither for the replacement of, nor for any damages arising from, Owner's election to retain these pre-existing materials. **Pre-Existing Conditions**: Jasper shall not be responsible or liable for issues due to improper ventilation, deteriorated decking, "waves" in decking, appearance of roof due to irregularities in underlying structure or other pre-existing, structural defects. **Shingle Color Change**: Should a shingle color change be requested after the installation has been scheduled, a $175.00 express shipping fee shall be charged by Jasper to Owner. This fee MUST be paid on day of installation. **Minimum Contract**: Jasper reserves the right to terminate any Contract if Contract Price does not exceed $7,048.00. **Severability**: The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect. **BINDING ARBITRATION**: If a dispute arises from or relates to this contract or the breach thereof, and if the dispute cannot be settled through direct discussions, the parties agree to endeavor first to settle the dispute by mediation administered by the American Arbitration Association under its Construction Industry Mediation Procedures before resorting to arbitration. The parties further agree that any unresolved controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules and judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The statute of limitations on all disputes which arise from or relate to this contract or a breach thereof shall be one (1) year from the date of signing Roof Replacement Contract. Claims shall be heard by a panel of three (3) arbitrators. The mediator shall not be empanelled as an arbitrator. The place of arbitration shall be Atlanta, Georgia. The arbitration shall be governed by the laws of the State of Georgia. All deposits, fees and expenses of the mediation and/or arbitration, including required traveling and other expenses or charges of the mediator and/or arbitrator, shall be borne by the initiating party. Depositions shall be limited to a maximum of 25 per party and shall be held within 180 days of the making of a request. Additional depositions may be scheduled only with the permission of the arbitrators, and for good cause shown. Each deposition shall be limited to a maximum of eight (8) hours duration. Any dispute regarding discovery, or the relevance or scope thereof, shall be determined by the arbitrators, which determination shall be conclusive. The arbitrators will have no authority to award punitive, consequential or other damages not measured by the prevailing party's actual damages, except as may be required by statute. In no event shall an award in arbitration exceed the amount of the Roof Replacement Contract. Any award in an arbitration initiated under this clause shall be limited to monetary damages and shall include no injunction or direction to any party other than the direction to pay a monetary amount and shall not exceed the roof RCV amount/ Contract Price. The award shall not include pre or post-judgment interest. The award of the arbitrators shall be accompanied by a reasoned opinion. Notwithstanding any language to the contrary in the contract documents, the parties hereby agree: that the Underlying Award may be appealed pursuant to the AAA's Optional Appellate Arbitration Rules ("Appellate Rules"); that the Underlying Award rendered by the arbitrator(s) shall, at a minimum, be a reasoned award; and that the Underlying Award shall not be considered final until after the time for filing the notice of appeal pursuant to the Appellate Rules has expired. Appeals must be initiated within thirty (30) days of receipt of an Underlying Award, as defined by Rule A-3 of the Appellate Rules, by filing a Notice of Appeal with any AAA office. Following the appeal process the decision rendered by the appeal tribunal may be entered in any court having jurisdiction thereof. Except as required by law, neither party nor an arbitrator may disclose the existence, content or results of any arbitration hereunder without the written consent of both parties. Should either party disclose the existence, content or results of any arbitration hereunder, that party shall forfeit any and all damages awarded as a result of arbitration. **Damages**: **To the extent permitted by law, in no event shall Jasper, its officers, directors, shareholders, representatives, employees, attorneys, affiliated entities or insurers be liable to Owner for any incidental, indirect, punitive, special or consequential damages arising out of or related to the performance, nonperformance or termination of Contract. Cancellation Fees: Should owner elect to cancel the Contract outside of the statutory three (3) day time frame, a cancellation fee shall apply to compensate Jasper for its time, expense and professional services which were rendered to Owner. The fee shall be 25% (twenty-five percent) of Contract, but shall not exceed $2,500.00.**